Opinion issued August 23, 2007












In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00108-CR

 


MILTON SEYMORE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 208th District Court 

Harris County, Texas

Trial Court Cause No. 1053259






MEMORANDUM OPINION

 A jury found appellant, Milton Seymore, guilty of the offense of burglary of
a habitation with intent to commit aggravated assault and assessed his punishment at
confinement for 11 years. We affirm.

 Appellant's counsel on appeal has filed a brief stating that the record presents
no reversible error, that the appeal is without merit and is frivolous, and that the
appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing that there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App.1978). 

 Counsel represents that she has served a copy of the brief on appellant. 
Counsel also advised appellant of his right to examine the appellate record and file
a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
More than 30 days have passed, and appellant has not filed a pro se brief. Having
reviewed the record and counsel's brief, we agree that the appeal is frivolous and
without merit and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d
824, 826-27(Tex. Crim. App. 2005). 

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (1) 

PER CURIAM


Panel consists of Justices Taft, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).









 
1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that she may, on her own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).